UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                        :
NICHOLAS E. PURPURA,                        :          Civil Action No. 08-2974 (FLW)
                                                        :
        Plaintiff, pro se,                      :
                                                        :
        v.                                           :
                                                        :          OPINION
BUSKIN, GAIMS, GAINS, JONAS & STREAM,   :
MONASCH & STRAUSS, MONASCH, MOSS &      :
STRAUSS, JEFFREY T. STRAUSS, WACHTEL     :
& GOLD, WACHTEL & MASYR, LLP,                :
BARBARA MAIDA, LESTER SACKS,                 :
RACHEL A. ADAMS, JANE & JOHN DOE,        :
                                                        :
        Defendants.                              :
_____:

**WOLFSON, United States District Judge:**

      Before the Court is a motion by Plaintiff Nicholas E. Purpura ("Plaintiff"or "Purpura"), pursuant to L. Civ. R. 7.1, for reconsideration of this Court's Opinion and Order of November 18, 2008, granting Motions to Dismiss individually filed by defendants Jeffrey T. Strauss, Esq., Barbara Maida, and law firm Wachtel & Masyr, LLP ("the Non-State Defendants") and defendants the Honorable Rachel A. Adams and Judicial Hearing Officer Lester Sacks ("the State Defendants"), (collectively, "Defendants"). Specifically, on December 8, 2008, in addition to Plaintiff's Appeal of the Court's decision to the Third Circuit, it appears Plaintiff moves this Court for reconsideration. The Court has considered the moving papers, and for the reasons stated below, Plaintiff's motion for reconsideration of the November 18, 2008 Opinion and Order is granted for the limited purpose of correcting the standard for sufficiently pleading the existence of an enterprise. This limited finding, however, does not alter the Court's original grant of Defendants' Motions to Dismiss.

**I. BACKGROUND**

This case arises from a series of proceedings stemming from Plaintiff's divorce from his ex-wife, Defendant Barbara Maida, formerly Barbara Purpura. Plaintiff's claims appear to be based on events that occurred over the past two decades, during Purpura and Maida's extended matrimonial litigation in the New York State Courts. Purpura has filed suit against defendants Jeffrey T. Strauss, Esq., Barbara Maida, and law firm Wachtel & Masyr, LLP ("the Non-State Defendants") and defendants the Honorable Rachel A. Adams and Judicial Hearing Officer Lester Sacks ("the State Defendants") for allegedly engaged in a "pattern of racketeering" with one another for the purpose of "furthering their common scheme to defraud monies and other assets belonging to [him]" in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.

On September 16, 2008, the Non-State Defendants filed this Motion to Dismiss based upon various legal grounds, i.e. Rules 8(a), 9(b), 12(b)(2) and (6). On September 19, 2008, the State Defendants filed their Motion to Dismiss on similar grounds, i.e. Rules 8(a), 12(b)(1) and (6). In addition, the State Defendants argued that the Court lacks subject matter jurisdiction under the Eleventh Amendment of the United States Constitution; and the claims against them are barred by absolute judicial, quasi-judicial and qualified immunity, and the Rooker-Feldman Doctrine. The Court granted Defendants' Motions in the November 18, 2008 Opinion and Order. The Court will rely on the lengthy and detailed factual and procedural history set forth in that Opinion. On December 8, 2008, Plaintiff appealed this Court's decision, and it appears, he simultaneously sought this Court's reconsideration of the November 18, 2008 Opinion and Order.

**II. Reconsideration Standard**

While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such review. See Lite, N.J. Federal Practice Rules, Comment 6 to L. Civ. R. 7.1 (Gann 2008).  Local Civil Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." See also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 n. 12 (D.N.J. 2002).  Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Interfaith Cmty. Org., 215 F. Supp. 2d at 507.  A motion for such reconsideration must be filed "within 10 business days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(I).  A timely motion for reconsideration may only be granted upon a finding of "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, neither of the first two grounds for reconsideration are applicable because Plaintiff does not argue that there is an intervening change in the law or that there is new evidence available now, which was not previously known, but rather asks the Court to "please refer to [his original] Complaint." Pl. Mot. at 28.  Thus, Plaintiff must demonstrate clear error of fact or law or the need to prevent manifest injustice in order to prevail on his Motion.  Indeed, a "party seeking reconsideration must show more than a disagreement with the court's decision," Panna v.

Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991), and will fail to meet its burden if it merely presents "a recapitulation of the cases and arguments considered by the Court before rendering its original decision." Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989)). The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through-rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted).

**III. DISCUSSION**

Plaintiff's Motion reads much like his prior papers, making conclusory allegations and arguments. It appears that Purpura argues that the Court (1) erred in finding that the State Defendants were protected by absolute immunity; (2) erred in dismissing his "claims pursuant to the Rooker-Feldman doctrine where state court had not addressed the merits of plaintiff's claims"; (3) "failed to address the deprivation of plaintiff's constitutional civil rights that had been abrogated, thus denying plaintiff his 'due process' rights guaranteed under the Fourteenth Amendment and denying his property rights by the intentional and proven act of intentional 'obstruction of justice' by the said state-defendants, who aided and abetted in the criminal behavior of the non-state defendants"; (4) "erred in not taking into considerations (sic) that defendants violated FRCP by failing to deny or answer any allegations, thereby mandating

4

forfeiture"; and, (5) erred in concluding that Plaintiff's Complaint failed to state a claim.[1] Appeal Dismissing Petitioner's Claim ("Pl. Mot.") at 2-3. In large part, Plaintiff's arguments are unfounded, nonsensical and/ or incorrect.[2] Reconsideration need only be granted if there is "the need to correct a clear error of law or fact or to prevent manifest injustice." See generally Max's Seafood Café, 176 F.3d at 677. Purpura's first four arguments for reconsideration have no merit, as he does not offer a need to correct a clear error of law or fact or to prevent manifest injustice.

However, Purpura's fifth issue, specifically, the sufficiency of Plaintiff's pleading of the existence of an enterprise, which is necessary to plead RICO, requires reconsideration. See generally Max's Seafood Café, 176 F.3d at 677. In this case, the Court needs to correct a clear error of law because to establish the existence of an "enterprise," a plaintiff must prove that (1) the enterprise is an ongoing organization with some sort of framework or superstructure for making or carrying out decisions; (2) the members of the enterprise function as a continuing unit with established duties; and (3) the enterprise must be separate and apart from the pattern of

---

[1] It appears Plaintiff argues that the Court erred in its finding that the State Defendants were protected by judicial immunity, that his claims are beyond the statute of limitations, and that he failed to sufficiently pled an enterprise and at least two predicate acts under the heightened scrutiny standard of Rule 9(b). Purpura unconvincingly argues that the Court "repeatedly misapply (sic) the authorities relied upon in its 'dismissal'" for finding that the claims against the State Defendants were barred by judicial immunity. Pl. Mot. at 18-21. Purpura misstates the law in arguing that Plaintiff's claims are outside the statute of limitations. See Id. at 22-23. To support his argument that he satisfies Rule 9(b), he cites to Exhibits 153, 155, and 157 attached to his Complaint, which he claims effectively demonstrates that his fourth claim for relief serves as a second predicate act. See Id. at 30-31. Purpura further argues that the Court's "'opinion' is blatantly false." See Id. at 31. As Purpura fails to present a need to correct a clear error of law or fact or to prevent manifest injustice, the Court declines to further address these arguments.

[2] For example, Purpura asserts that "[n]either defendants nor the District Court were able to dispute a single authority submitted by plaintiff in support of his complaint." Pl. Mot. at 5.

5

activity in which it engages. See Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 789-90 (3d Cir. 1984). As the rules of pleading require nothing more at this early juncture than a bare allegation, where a plaintiff identifies the "entities it believed were the enterprises that had been marshalled against it," a plaintiff sufficiently alleges the existence of an enterprise. See Id. at 790. At this stage of litigation, Purpura's "allegation that the Non-State Defendants constituted an enterprise as defined in Title 18, United States Code, Section 1961(4), to wit, a group of individuals associated in fact, with the intent to defraud Complainant by obtaining, or aiding in obtaining payments, or allowance of fraudulent or false claims illegally to take Complainant's assets (stock, stock dividends, case, monies earned, and home). Compl. ¶¶ 31-32." was a sufficient pleading that an enterprise existed. Therefore, Purpura properly pleaded the existence of an enterprise. Notwithstanding the fact that Plaintiff sufficiently pled an enterprise, Plaintiff still fails to state a claim for all of the reasons outlined in the Court's previous Opinion, dated November 18, 2008, including that Purpura fails to sufficiently allege at least two predicate acts of racketeering, which is also required to adequately plead RICO. Therefore, the Court's original grant of Defendants' Motions to Dismiss is granted.

## IV. Conclusion

For the reasons stated herein, Defendants' Motion for Reconsideration of this Court's November 18, 2008 Opinion is granted, in part, and denied, in part.


Dated December 16, 2008              /s/ Freda L. Wolfson
                                      Honorable Freda L. Wolfson
                                      United States District Judge